## 15552.  COOPER *et al. v.* MEANS.

1. A ruling on a motion to dismiss a petition cannot be questioned by a ground contained in a motion for new trial. *Gibson* v. *Mason,* 31 *Ga. App.* 584 (121 S. E. 584); *Taff* v. *Larey,* 29 *Ga. App.* 631 (2) (116 S. E. 866); *Gunn* v. *Johnson,* 29 *Ga. App.* 610 (116 S. E. 921).

2. The jury on this action of trover for the recovery of lumber found a money verdict for the plaintiff. The issue made by the evidence was whether, as the plaintiff contended, he contracted to purchase such lumber as should be sawed by the defendants at a certain site for the market price prevailing on the date of completion of the sawing and of a settlement between the parties, and whether such settlement was actually made on September 24, 1923, vesting title in the plaintiff to the lumber sued for; or whether, as the defendants contended, the plaintiff contracted in April, 1923, for the purchase of the lumber at the higher market price at that time prevailing, and whether such contract had not been executed, and no settlement had been made so as to vest title in the plaintiff, for the reason that he refused to pay to the defendants the higher market price contracted for. On this issue, although the testimony was conflicting, there was some evidence authorizing the verdict; and this court, on contentions based chiefly on the weight of the evidence, cannot interfere with the discretion of the trial judge in refusing a new trial.

DECIDED OCTOBER 1, 1924.

Trover; from Monroe superior court—Judge Persons. `March 19, 1924.

*A. M. Zellner,* for plaintiff in error.

*Willingham & Willingham,* contra.

JENKINS, P. J. The circumstances of the transaction are such as would seem easily to afford occasion for honest misunderstanding and difference of opinion as to what constituted the exact agreement. There was evidence for the defendants, sustaining their understanding of the transaction; but, since the jury, which alone has power to determine disputed issues of fact, has found in favor of the contrary testimony for the plaintiff, sustaining his understanding of the transaction and agreement, it only remains for this court to show by the testimony disclosed by the record that the verdict was not without evidence to support it.

On direct examination, W. V. Means, the plaintiff, testified: "It was about April 20, 1923, Mr. Ed Flynt (one of defendants) came to Culloden and told me he had a piece of timber he wanted to buy, and I asked him what it would be. . . He did come back, and told me it was the Worsham timber. . . So he says, 'What will you give me for the lumber?' . . I said, 'You will have to take the market price. I would not buy it at this price now.' . . I had a business transaction in September, 1923, at my place of business at Culloden with Mr. Ed Flynt, when Flynt told me that he had finished the site and would let me send a man out there and check up the lumber. It was checked up. These figures here show the original checking. . . The checking was done on September 17, 1923. Mr. Flynt came to my store and wanted to have a settlement on the yard, and we had a statement on it, and agreed on the price and everything there in the store, and I made a bill of it and gave him the original, and I kept a carbon copy of it. I paid him for 158,899 feet at $16, which would be $2,542.38, less 2% would be $50.84, which makes $2,491.54. After that, he (Flynt) told me to send the trucks out there and begin hauling the lumber. At that time Cooper (the other defendant) and Flynt owed me $2,883.98, and we note a difference in what lumber they had come up short, and they owed me $454.44. I have my ledger showing the transaction I have just testified about (ledger exhibited). At that time I allowed them $16 for the lumber. It seemed to be agreeable to Mr. Flynt. Flynt said

that he had to have some money for the Georgia Hardware Company, that he owed them $59, and I gave him a check for that amount after we had a settlement. The date of the settlement was September 24, 1923. I have not gotten my lumber. . . On the day after the settlement, which was September 25, 1923, Mr. Flynt stopped the trucks from hauling lumber. . . The lumber I failed to get then is the lumber I am suing for."

On cross-examination the plaintiff further testified: "This lumber is my lumber. Mr. Cooper and Flynt sold it to me. . . I bought this lumber on September 24, 1923. I had title to this lumber during August, 1923, and up to September 24, 1923. The only trade I ever had with Mr. Flynt was: he was to let me have the lumber at the prevailing price at the time he got it out; and if I could not give the price of the lumber, he would get my money up and return it and take back his lumber. This was some time in April, 1923, when I gave a check to Cooper and Flynt for $600. . . I did not agree to pay Cooper and Flynt $18 per thousand. I did have a definite understanding with Cooper and Flynt on September 24, 1923, about the price of lumber. I agreed to pay them $16 per thousand. . . I had a settlement with Cooper and Flynt, and gave Mr. Flynt the original bill, and here is the carbon copy." The daughter and sister of the plaintiff corroborated the testimony of the plaintiff with reference to the actual settlement, which he testified had been made on September 24, 1923.

The only ground of the motion for a new trial other than the general grounds is the one referred to in the first headnote.

*Judgment affirmed. Stephens and Bell, JJ., concur.*